Kain *v.* Ross.

KAIN *v.* ROSS *et als.*

CHANCERY PRACTICE. *Order dismissing bill for neglect to prosecute notice.*
A peremptory order of court dismissing a chancery suit for the neglect of the complainant to prosecute it, without notice, and without giving the party reasonable time to proceed, is erroneous.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. Sp. Ch.

WEBB & TAYLOR and W. C. KAIN for complainant.

BAXTER & SON and LUCKEY for defendants.

COOPER, J., delivered the opinion of the court.

On the 22d of September, 1876, on motion before the regular Chancellor, a rule was made on the complainant to prosecute his suit, otherwise the same would be dismissed at the next term, the clerk and master being directed to give the complainant, then residing in the city of New York, notice of the rule.

On the 21st of March, 1877, during the next term, the rule was made absolute and the suit dismissed without anything being said or appearing about the notice which had been ordered to be given to the complainant.

On the 7th of May, 1877, during the same term, the order of dismissal was set aside, and the cause reinstated upon the docket, the Chancellor having recollected that he was incompetent to sit in the case.

Kain *v.* Ross.

On the 10th of May, 1877, during the same term, a special Chancellor, on motion, again made the rule absolute, and dismissed the bill, although the clerk and the solicitor of the complainant stated, as on affidavit, that they had written to the complainant advising him of the rule, and that their letters had been returned to them through the dead letter office; and although the complainant made affidavit that he had no notice of the rule until it had been made absolute by the order of the 27th of March, afterwards set aside.

Without undertaking to say that the mode pointed out by the Code, secs. 4389–4392, for the prompt dispatch of the business of the court is exclusive of all other modes, and without deciding that the Chancellor can in no case make a rule on the defendant without the preliminary motion at the rules required by these provisions of the Code, we are satisfied that the order of dismissal in this case was premature and erroneous. It sufficiently appeared that the notice required by the rule *nisi* had never actually been given, even if the order itself was not invalid by reason of the incompetency of the Chancellor to make it. The delay in the active prosecution of the cause, and inadvertent retention of the papers by the complainant, were explained by his affidavit. The circumstances did not justify a peremptory order of dismissal, without giving the complainant reasonable time to take steps to prepare his case for hearing.

The decree of dismissal will be reversed, and the cause remanded.